UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE:
STEPHEN ANTHONY PANTAGIS
AND ESTHIMIA PANTAGIS,

Debtors.

ENB TRUST, individually and on behalf
Of YYSB TRUST,

        Plaintiff,

v.

STEPHEN PANTAGIS, individually and as
Trustee of the Nichols Pantagis and Christine Pantagis
Irrevocable Trust Agreement dated September 28, 1992
("Pantagis Trust");
ESTHIMIA PANTAGIS (Debtors);
ANTHONY PANTAGIS, individually and
as Trustee of the Pantagis Trust; and
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        Defendants.

RECEIVED
AUG 09 2023
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Case No.: 3:23-cv-03586-ZNQ

# RESPONSE BY ISRAEL GROSSMAN TO ORDER TO SHOW CAUSE WHY THIS APPEAL SHOULD NOT BE DISMISSED

TO:  HON. JUDGE ZAHID N. QURAISHI
     UNITED STATES DISTRICT COURT JUDGE

Appellant ENB Trust by Israel Grossman, its sole Grantor, Trustee and beneficiary submits this Response to the Court's *sua sponte* ORDER TO SHOW CAUSE as to why this appeal should not be DISMISSED because Appellant is not an attorney and therefore cannot represent ENB Trust. This is an appeal of the dismissal of an adversary proceeding by the New Jersey Bankruptcy Court (Ferguson, Judge Kathryn C.) because the revocable grantor ENB Trust was represented by its sole trustee, grantor and beneficiary and not a New Jersey licensed attorney. A copy of the Bankruptcy Court dismissal Order is annexed hereto as Exhibit A)

## BACKGROUND OF ADVERSARY PROCEEDING

Israel Grossman commenced an Adversary Proceeding on behalf of his ENB Trust. the largest judgment creditor of the debtor. He sought a declaration that pursuant to 11 USC 523(a)(3)(B) ENB Trust's New York State Supreme Court and confirmed by New Jersey State Superior Court New Jersey and New York state civil judgment in the amount of $836,678 for hundreds of thousands of dollars of unpaid loans. The Debtor fraudulently induced Israel Grossman to make the loans from his own trusts on the pretext that the monies were secured by the collateral assignment of a Prudential life insurance policy to Israel Grossman's Trust and

further secured by properties that were never acquired by the Debtor or were misrepresented as being unencumbered. A Prudential Collateral Assignment form was timely executed by the Debtor and his brother, Anthony Pantagis, who were the Trustees of the policy on the lives of their parents at the time the loans were made. The Debtor and his brother subsequently raped the policy of its cash value by making a Request for Policy Loan. A request to file an Amended Complaint was filed to add Prudential as a Defendant, following discovery during the bankruptcy court proceedings of a letter from Prudential disclosing that Prudential honored the Debtor and his brother's Request for Policy Loan, despite its having acknowledged receipt of the Request for Collateral Assignment of the policy to Israel Grossmann's Trust

ENB Trust also had no notice that the Debtor filed a bankruptcy court proceeding listing ENB Trust's state court judgment because it was sent to an incorrect address for ENB Trust's former New York attorney. Lawrence Kulak, Esq. Mr. Kulak submitted a notarized affirmation confirming that he never received the notices (Exhibit B). The merits of ENB Trust's 11 USC 523(a)(3)(B) claim were never considered because the Bankruptcy Court refused to recognize any exception to permit a Trust to be represented by its Trustee, Israel Grossman.

## ISRAEL GROSSMAN CAN REPRESENT ENB TRUST

Israel Grossman as the sole Grantor, Trustee and Beneficiary of Appellant ENB Trust that he created, has a constitutional right to represent himself. A copy of the Affidavits of Lawrence Kulak, Esq. (Exhibit B) and the Affidavit of Israel Grossman, including the ENB Trust set forth the nature of the Trust that Israel Grossman should be authorized to represent. (Exhibit C)

The relevant provisions of the ENB Trust Agreement (Exhibit C) are as follows:

> **AGREEMENT** dated the first day of July 2019 between ISRAEL GROSSMAN, the Grantor, and ISRAEL GROSSMAN, the Trustee.
>
> **FIRST**
>
> This Agreement and the Trust hereunder for the benefit of the Grantor is revocable and may be altered, amended, revoked or terminated in whole or in part by the Grantor at any time.
>
> **SECOND**
>
> A. The Trustee shall hold the property transferred to the Trust for the use and benefit of the Grantor during his lifetime.
>
> **THIRTEENTH**
>
> A. ISRAEL GROSSMAN shall be appointed to act as Trustee. If

ISRAEL GROSSMAN shall fail to qualify or cease to act for any reason, then JUDITH GROSSMAN shall be appointed as successor Trustee.

In paragraph 4 of his notarized affirmation Appellant's New York Attorney. Lawrence Kulak, Esq. who secured the New York State Supreme Court judgment for Israel Grossman's ENB Trust confirms under penalties of perjury that

> 4. Both YYSB Trust as well as ENB Trust are revocable Trusts established for the benefit of Israel Grossman during his lifetime and for the benefit of his grandchildren upon his death. Israel Grossman is the sole beneficiary of each of the Trusts and there are no other creditors.

(Exhibit B)

In Israel Grossman's notarized affirmation, he confirms under penalties of perjury that

> 1. I am the sole beneficiary of both the YYSB Trust and the ENB Trust.
> 2. In the event of my death, the beneficiaries of the YYSB Trust and the ENB Trust are my grandchildren.

(Exhibit C)

## ARGUMENT

### I. RIGHT TO PROCEED *PRO SE*

Under 28 U.S.C. 1654, "the parties may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case pro se or retain counsel to do so, *See Osel-Alfriyie v. Med.Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991). The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own case," *quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61(2d Cir. 1990).

In a recent survey of the laws of the Circuits, the N.D. Alabama district court found that although the right to proceed under 28 USC 1654 does not extend to actions representing the rights of others, one notable exception relevant to this case emerges.

> When a party proceeds on an estate's behalf, and is that estate's only beneficiary, courts allow them to proceed pro se despite their legal status as a representative for the interests of others… The logic is easy enough to follow. Although proceeding on another party's behalf, the actual benefits will flow solely to the representative, so the representative is in effect representing exclusively their own interest.

*McCants on behalf of Estate of Nix v. United States*, 598 F.Supp 3d 1342 (D.C.N.D. Ala. N.E. Div. 2022); *United States v. Cam*, 2022 WL 18024465 (D.C. S.D. Fla Nov. 7, 2022).

II. **CIRCUIT COURT OF APPEALS *ADOPT LIBERAL VIEW THAT NON-ATTORNEY TRUSTEE OR ADMINISTRATOR WHO IS SOLE BENEFICIARY CAN REPRESENT ESTATE OR TRUST PRO-SE***

### A. Circuit Courts Other Than Third Circuit

The First Circuit Court of Appeals held in *In re Szwyd*, 370 B.R. 882,888 (Bktcy App Panel. First Cir. 2007) that a trust effectively terminates when the same person becomes the sole trustee and sole beneficiary. "The legal and equitable title will merge in the legal estate, and absolute ownership will ensue divested of the trust. After merger of title, the trust was nothing more than an alias for the [beneficiary]."

The Second Circuit Court of Appeals held in *Guest v. Hansen*, 603 F.3d 15 (2d Cir. 2010), that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate. *Id.* At 21. The court explained that

> [i]t is only a legal fiction that assigns the sole beneficiary's claim to a paper entity- the estate- rather than the beneficiary himself... because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf. This being so, the dangers that accompany lay lawyering are outweighed by the right to self- representation.

*Id.* at 21; *Bourne v. Gardner*, 468 F.Supp. 3d 426 (D. Mass 2020). In *Bourne*, the district court allowed the Trustee, who was the sole beneficiary, to represent

himself and the trust *pro se*, because it held that the "the dangers that accompany lay lawyering" in such a case, are outweighed by the right to self representation. In *United States v. David M Adams Living Trust*, 2022 WL 17657024 (D.Mass. Aug. 22, 2022) the district court denied a request for appointment of counsel. because it held that the trustee of a trust who is also the sole beneficiary of the trust, could represent himself.

In *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210-211 (5th Cir. 2016) the Fifth Circuit held that an estate's representative can proceed *pro se* if they are the estate's sole beneficiary.

The rule against non-lawyer representation "protects the rights of those before the court" by preventing an ill-equipped lay person from squandering the rights of the party he purports to represent. The purpose of the rule is to protect third parties. But that purpose has no role to play when the only person affected by a non-attorney's representation is the non-attorney [him]self, *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015).

In *Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023) the 11th Circuit recently joined its sister courts in holding that the administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate.

### B. THIRD CIRCUIT COURT OF APPEALS *ADOPTS LIBERAL VIEW THAT NON-ATTORNEY TRUSTEE OR ADMINISTRATOR WHO IS SOLE BENEFICIARY CAN REPRESENT ESTATE OR TRUST PRO-SE*

The cases holding that a Trustee or estate representative was not permitted to act *pro se,* including the leading Third Circuit case, *Murray on behalf of Purnell v. City of Philadelphia,* 901 F.3d 169 (3rd Cir. 2018), all involve situations, where the Trustee was not the sole beneficiary or there were other creditors who could be affected; *Murray, supra, Laibow v. Menashe,* 2020 WL 91282 (D.N.J. January 8, 2020). In the instant case there are no other beneficiaries as long as Israel Grossman, the grantor of the revocable ENB Trust, is alive.

In *Bourne, supra,* the district court suggested that

> the *Murray* decision might be read to suggest in dictum that, if faced by the issue, it would adopt what I have termed the "liberal view" that the sole beneficiary of an estate with no creditors may represent it in federal court. *Murray* cited with approval several cases that, if only by negative implication, acknowledge or adopt that view:
> See, *e.g., Rodgers [v. Lancaster Police & Fire Dep't,* 819 F.3d 205, 211 (5th Cir. 2016)]; (holding that a person may represent an estate *pro se* "if that person is the only beneficiary and the estate has no creditors"); *Malone v. Nielsen,* 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); *Jones [ex rel. Jones v. Corr. Med. Servs., Inc.,* 401 F.3d 950, 952 (8th Cir. 2005)] ("[The administrator] is not the only beneficiary/creditor of [the] … estate. Thus, as a non-

attorney, [he] may not engage in the practice of law on behalf of others."); *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Pridgen*, 113 F.3d at 393 ("[A]n administratrix ... of an estate may not proceed pro se when the Estate has beneficiaries or creditors other than the litigant.") Murray, 901 F.3d at 172 n.3.

As correctly predicted in *Bourne*, the following recent cases show that when the Third Circuit was subsequently faced by the issue it <u>did</u> adopt the liberal view.

In *Doncheva v. Citizens Bank of Pennsylvania*, 820 Fed. Appx. 133, 135 (3d Cir. 2020) the Third Circuit Court of Appeals implied that its holding in *Murray* that an estate could not be represented by its non-attorney administrator was limited to when "an estate has one or more beneficiaries other than the administrator."

In *Dasaro v. County of Monmouth*, 832 Fed Appx. 788 (3d Cir. 2020) the Third Circuit agreed with other Circuit Courts cited in *Murray* at 171 n.3 that "a non-attorney administrator cannot litigate a case *pro se* <u>unless</u> he or she is the only beneficiary." (emphasis added)

On April 15, 2021, the Third Circuit citing its decision in *Murray* heard an appeal brought *pro-se* by Kendrell, a non-attorney administrator of her son's estate. In a footnote, the Third Circuit also approved that

> The District Court determined that because Kendrell was the sole beneficiary to her son's estate, and was thus not representing anyone else's interest, she could proceed pro-se.

*Kendrell v. Secretary United States Department of Defense*, 851 Fed. Appx. 317 n1(3d Cir. 2021).

      The Bankruptcy Court in the instant case rejected the liberal view adopted by the Third Circuit and almost every other Circuit Court of Appeals. Instead, the Bankruptcy Court Order dismissed the instant adversary proceeding by relying on a decision issued by the Eighth Circuit, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (Eighth Cir. 1994) and two decisions issued in the Tenth Circuit, *Conagra Foods, Inc. v. Americold Logistics, LLC,* 776 F.3d 1175(10th Cir. 2015); *United States v. Lain*, 773 Fed. Appx. 476 (10th Cir. 2019). The Bankruptcy Court interpreted these Eighth and Tenth Circuit decisions as having adopted the strict view that there is no exception to the rule that a Trustee can never represent the Trust *pro-se* even if he is the sole beneficiary of the Trust. However, the Bankruptcy Court Judge's reliance on her interpretation of the decisions in these two Circuit Court of Appeals was erroneous. The two decisions she cites from the Tenth Circuit as well as the Eighth Circuit 1994 decision likely involved situations where the Trustee was not even a beneficiary or there were other beneficiaries besides the Trustee and therefore there was no reason to decide whether an exception should apply if the trustee was the sole beneficiary in order to avoid an unconstitutional denial of the right to self-representation.

In assuming that there is Eighth Circuit precedent for adopting the strict view, the Bankruptcy Court Judge overlooked a subsequent Eighth Circuit decision in *Jones ex rel Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950 (8th Cir. 2005). In *Jones*, the Eighth Circuit Court of Appeals interpreted its prior decision in *Knoefler* as supporting the Eighth Circuit holding in *Jones* agreeing with "Other circuits [that] interpret section 1654 as prohibiting a non-attorney administrator of an estate from proceeding *pro se* [only] when there are other beneficiaries or creditors of the estate." *Jones* is now extensively quoted by other Circuit Courts including the Third Circuit, *Murray* at n.3, as Eighth Circuit precedent for the adoption of the liberal view.

The Bankruptcy Court Judge also misinterpreted the Tenth Circuit Court of Appeals decisions she relied upon to reject the liberal view. In a subsequent decision by a Tenth Circuit district court, *Auge v. Stryker Corporation*, 2019 WL 4918709 (D.C. D.N.M. Oct. 4, 2019)

> [t]he Court notes that some courts have indicated that a *pro se* trustee may be able to represent a trust when the trustee is the "real party" in interest or the sole beneficiary of the trust." *Olisa Found .v. Purdue Univ,* 2014 WL 11512590, at * 2 (D.MN.M) (recognizing exception to general rule that trust must be represented by attorney, but declining to apply it because trustee was not sole beneficially of trust); see also *Cram,* 1998 WL 919871, at *5-7 (denying party's motion to represent trust *pro se* because party did not establish that he is sole beneficiary of trust). Although an exception has been discussed by courts within the Tenth Circuit, the exception has not been recognized by the Tenth

Circuit Court itself, and this Court cannot anticipate that the Court of Appeals would do so.

Obviously, if the district courts within the Tenth Circuit cannot anticipate if the Tenth Circuit Court of Appeals will adopt an exception, the Bankruptcy Court Judge's reliance on her reading of two prior Tenth Circuit decisions as precedent for her finding that Tenth Circuit rejected the liberal view, is simply wrong.

### III. GRANTOR IS ONLY BENEFICIARY OF REVOCABLE TRUST EVEN IF GRANDCHILDREN ARE CONTINGENT BENEFICIARIES ON DEATH

The Bankruptcy Court Judge erroneously concluded that the revocable ENB Trust created by Israel Grossman is not Israel Grossman's own trust and has other beneficiaries whose interests must be represented by an attorney because the Trust states:

### SIXTH

Upon the death of the Grantor, the property shall be held in Trust for the benefit of the Grantor's grandchildren and distributed at such times and such amounts at the Trustee shall determine

According to the Bankruptcy Courts the potential future post-death rights of such contingent beneficiaries if the Trust was not revoked "would prevent the non-

attorney administrator of a decedent estate from representing the estate in federal court."

> Here, based on Mr. Grossman's own representation, it appears that his grandchildren may possibly be contingent beneficiaries of the /ENB Trust. If Mr. Grossman wants benefits of the assets being held in the trust then he must also accept the burden and one of those burdens is that a trust can only appear in court if represented by a licensed attorney,

The New Jersey Bankruptcy Court's interpretation of *Murray* is contrary to the general understanding that

> [t]he settlor/grantor of a revocable trust can extinguish the interests of remainder beneficiaries as they have no interest in the trust until the settlor dies and the trust becomes irrevocable. RESTATEMENT OF TRUSTS (3d) § 74(1)(b). Accordingly, the trustee of a revocable trust during the life of the settlor and income beneficiary does not even have an obligation to inform remainder beneficiaries of the trust and/or its administration.. Thus, remainder persons lack standing to object to transactions that occurred during the settlor's life. *See Matter of Malasky*, 290 A.D.2d 631, 736 N.Y.S.2d 151 (3d Dep't 2002) (concluding that remainder beneficiaries of a revocable trust lacked standing to object to a post-death accounting of the trust's administration during the lifetime of the settlor-trustee); *see also Matter of Sofi*, 36 Misc.3d 1223A, 957 N.Y.S.2d 266 (Sur. Ct. Bronx County 2012) (stating that "where the settlor of a lifetime revocable trust is the only person who has an interest in the income and principal of the trust during his or her life, the remaindermen have no interest in the trust until the settlor dies and the trust becomes irrevocable; consequently, the remaindermen lack standing to object to any trust transaction that occurred during the settlor's life") (citing cases).

*In re Markus*, 610 B.R. 64 (Bkcy Ct. S.D.N.Y. 2019)

The Bankruptcy Court's decision to expand the group of beneficiaries that must be represented by an attorney to even contingent post-death beneficiaries of the grantor of a revocable trust, effectively repeals 28 U.S.C. 1654 since nobody could ever represent himself *pro se*. Anyone who has his own revocable trust to avoid probate, a Last Will and Testament that names contingent beneficiaries in the event of his death or will simply die intestate would be barred from representing himself because he has contingent beneficiaries he named or may be determined by an intestacy statute. The decision in *Markus* by the Bankruptcy Court for the Southern District New York that a revocable trust can ignore contingent beneficiaries who have no rights until the death of the grantor of a revocable grantor trust, is far more consistent with 28 U.S.B. 1654. If the Bankruptcy Court was concerned that the Trust had contingent beneficiaries it should have afforded Israel Grossman the opportunity to revoke the revocable Trust and create a new Trust that deletes any mention of contingent beneficiaries.

### IV. IT IS THE BANKRUPTCY COURT THAT LACKS JURISDICTION

ENB Trust secured an $836,678 judgment from New York State Supreme Court prior to the Debtor having filed its bankruptcy court petition. (Exhibit D). The New York Judgment was subsequently confirmed by the New Jersey Superior.

Court (Exhibit E)  Under New Jersey's entire controversy doctrine, the Debtor waived any objection to the dischargeability of the debt to ENB Trust by not raising the issue of dischargeability in the state courts. or even giving ENB Trust notice that a bankruptcy proceeding was pending while the Judgment was eing confirmed by the New Jersey Superior Court. Under the *Rooker Feldman* doctrine the Debtor can do no more than appeal the state court judgment in state courts. Otherwise the state court judgment is *res judicata* and the Bankruptcy Court has no jurisdiction to discharge the state court judgment, *Doncheva v. Citizens Bank of Pennsylvania,* 829 Fed Appx 133 (3d Cir. 2020)

## CONCLUSION

This appeal should not be dismissed because Appellant Israel Grossman as grantor and the sole beneficiary and trustee of his revocable ENB Trust can represent his own interest *pro se* because there are no other beneficiaries or creditors who are affected.

Respectfully submitted,

Israel Grossman, pro se Grantor,
Trustee and sole Beneficiary of
Revocable ENB Trust